

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2006

# Zhou v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5097

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Zhou v. Atty Gen USA" (2006). *2006 Decisions*. Paper 78.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/78

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5097

———————

HUI YUN ZHOU,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

———————

On petition for review of a decision and order
of the Board of Immigration Appeals
(BIA No. A96 241 539 Philadelphia)

———————

Submitted under Third Circuit LAR 34.1(a)
December 14, 2006

BEFORE: FISHER, CHAGARES, and GREENBERG, Circuit Judges

(Filed: December 18, 2006)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This matter comes on before this court on a petition for review of a decision and

order of the Board of Immigration Appeals ("BIA") dated October 27, 2005, dismissing

the appeal of Hui Yun Zhou from an order of an immigration judge ("IJ") in removal proceedings denying Zhou's request for asylum under section 208 of the Immigration of Nationality Act ("INA"), 8 U.S.C. § 1158(b)(1), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and withholding of removal under the Convention Against Torture ("CAT"), 8 C.F.R. § 208.16. The IJ decided the matter in a comprehensive oral opinion in which he fully detailed the legal framework and the facts of the case as well as his conclusions. Zhou sought relief by reason of her past and anticipated persecution attributable to the Chinese family planning policies. After reviewing the evidence the IJ denied her all relief explaining:

> Based on the numerous examples of the total lack of credibility as previously noted, and the respondent's amateurish attempt to elicit emotional outbursts, the Court finds that the respondent's case in chief was indeed deliberately fabricated. It is evident to the Court that the respondent has carefully concocted her testimony, has carefully staged her presentation, has attempted to create a case in chief based on facts that do not exist, as evidenced by the contradictory evidence we have by prior testimony of her husband, by testimony before an Immigration asylum officer and based on both documentary evidence that the respondent has submitted as well as to previously prepared affidavits. The Court is convinced that the respondent's case in chief was deliberately fabricated and clearly meets the definition of a frivolous application for asylum.
>
> Consequently, and due to the total lack of credibility of the respondent, I find that she has not established a well-founded fear of persecution as defined if she were returned to People's Republic of China. Accordingly, her application for asylum will be denied.
>
> Because the respondent has failed to establish a well-founded fear of persecution, as is necessary in order to be statutorily eligible for asylum it is unnecessary to consider whether she merits such a relief as a matter of discretion. Furthermore, because she has failed to establish eligibility for

2

asylum, she has, moreover, failed to meet the higher standard of proof necessary for restriction on removal to the People's Republic of China.

Moreover, based on the evidence of record and the respondent's testimony, the Court finds that the respondent has not proven that she is more likely than not to be tortured if she is returned to the People's Republic of China.

App. at 72-73.

On the appeal the BIA largely, but not entirely, adopted the IJ's decision and it found that, except in one respect, the IJ's conclusions was not clearly erroneous. It then nevertheless went on to comment about some of the testimony. Zhou then filed the petition for review pursuant to INA § 242, 8 U.S.C. § 1252(a)(1).

We deal initially with two preliminary matters. First, the petition for review recites that Zhou seeks review of all three aspects of the BIA decision: denial of asylum; withholding of removal under the INA; and relief under the CAT. Nevertheless Zhou's brief does not address her claim under the CAT. In the circumstances, we regard that claim as abandoned, though we hasten to add that even if she advanced it she would not have been successful in this court.

Second, we point out that we review the challenged determinations at the administrative level at which they were made. Thus, to the extent that the BIA made the findings we review its product but to the extent that the BIA adopts an IJ's findings we review the IJ's findings. Compare Abdulai v. Ashcroft, 239 F.3d 542, 548-49 (3d Cir. 2001), with Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). Consequently,

where, as here, the BIA partially has made its own findings and partially has adopted an IJ's findings we review both decisions. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review the factual determinations under the substantial evidence test, Toussaint v. Attorney General, 455 F.3d 409, 413 (3d Cir. 2006), which, as particularly germane here, applies to credibility determinations. Chen, 376 F.3d at 222.

Our review of this matter convinces us that we have no basis to reject the findings of either the IJ or the BIA. In reaching this conclusion we note that a petitioner's credibility is crucial in a case of this kind because she has access to and knowledge of the particular facts pertaining to her. On the other hand, the government's germane information is likely to be limited to knowledge of general country conditions. Thus, IJs and the BIA must be diligent to scrutinize carefully a petitioner's testimony in removal proceedings and that is what they did here. Inasmuch as substantial evidence supports their conclusions, we will not grant Zhou relief.

The petition for review of the decision and order of the BIA dated October 27, 2005, will be denied.