**IMG-058**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2452
_____

HUAI CAO, a/k/a Jie Lin,
                                                                Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                                Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A077-297-378)
Immigration Judge: Donald Ferlise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2011
Before:  MCKEE, Chief Judge, SMITH AND GARTH, Circuit Judges

(Opinion filed: April 1, 2011)
_____

OPINION
_____

PER CURIAM

     Huai Cao ("Cao") petitions for review of the Board of Immigration Appeals' final

order of removal.  For the reasons that follow, we will grant the petition for review,

vacate the final order of removal, and remand to the Board for further proceedings.

     Cao, a native and citizen of China, entered the United States on January 14, 2000.

On February 22, 2000, a Notice to Appear was filed in Immigration Court, charging that

he was removable pursuant to Immigration & Nationality Act ("INA") § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who lacked a valid entry document, and INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), as an alien who sought an immigration benefit through fraud or willful misrepresentation. Cao conceded that he is removable pursuant to INA § 212(a)(7)(A)(i)(I). On July 20, 2000, Cao applied for asylum, withholding of removal, and protection under the Convention Against Torture, claiming persecution on the basis of political opinion. In an affidavit accompanying the application, Cao described how family planning officials disrupted his engagement party, arrested and detained him, and harassed his girlfriend into having an abortion.

Cao testified at a hearing on January 10, 2001 in support of his application that he and his girlfriend were denied permission to marry (they were underage), and so they attempted to wed in a traditional Chinese ceremony on March 15, 1999. The wedding was interrupted by family planning authorities, who suspected that Cao's girlfriend was pregnant. She escaped but Cao was arrested, detained for six days, and interrogated concerning her whereabouts. The authorities wanted his girlfriend to undergo a gynecological examination to determine if she was pregnant.

The merits hearing was adjourned by the Immigration Judge because of problems with translation. When it resumed on August 9, 2001 with a new interpreter, Cao testified that his girlfriend was frightened by his detention, and so she went voluntarily to the hospital to have an abortion. A.R. 184-85. After Cao was released from detention, he and his girlfriend travelled separately to the United States. Once in the United States,

2

Cao learned that his girlfriend had been pregnant, and that she had undergone an abortion. The couple eventually parted ways, and Cao met someone new.

In an oral decision rendered on August 9, 2001, the IJ denied Cao's application for relief. The IJ made an adverse credibility determination based on discrepancies between Cao's application and testimony, and also found that Cao had filed a frivolous application for asylum and had intentionally lied to the court.

Cao appealed. In his brief, Cao's then counsel, David X. Feng, challenged the IJ's adverse credibility determination by arguing that the inconsistencies noted by the IJ were minor and caused by a faulty translation. In a decision dated December 17, 2002, the Board of Immigration Appeals affirmed without opinion pursuant to former 8 C.F.R. § 3.1(e)(4) (now codified at 8 C.F.R. § 1003.1(e)(4) (2003)). Cao did not petition for review of this decision.

On October 19, 2009, Cao filed a motion to reopen with the Board through new counsel. Cao alleged that prior counsel, Feng, rendered ineffective assistance in failing to specifically challenge the IJ's finding of frivolousness in his brief before the Board. In an affidavit in support of the motion to reopen, Cao claimed that, but for counsel's error in neglecting to challenge the finding of frivolousness, he would now be eligible for derivative asylee benefits through his wife. Cao explained that his wife was granted asylum on October 4, 2005. She attempted to file a Form I-730 asylee relative petition on his behalf but learned that the IJ's finding of frivolousness would prevent Cao from deriving status through her. Cao alleged that Feng had failed to tell him about the finding of frivolousness.

To comply with Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), Cao submitted a letter from Feng, in which he responded to the charge of ineffectiveness. Feng contended that his argument against the negative credibility finding was sufficient, because, had he prevailed, the finding of frivolousness would have necessarily been undermined. A.R. 16. Cao countered that his prior counsel's legal reasoning was plainly incorrect because an adverse credibility finding does not by itself support a finding that an asylum application is frivolous. See In re Y-L-, 24 I. & N. Dec. 151, 156 (BIA 2007) (concluding that in determining that application for asylum is frivolous, IJ must address question of frivolousness separately and make specific findings that alien deliberately fabricated material elements of claim for asylum). Even when an IJ finds that an applicant is not credible, the question of frivolousless is separate. Accordingly, Feng rendered ineffective assistance. Cao explained that he saw no need to file a disciplinary complaint against Feng because he had been given an opportunity to respond to Cao's allegations, and he had, in essence, admitted that he did not expressly challenge the frivolousness finding. A.R. 11.

On April 30, 2010, the Board denied Cao's motion to reopen as untimely filed. 8 C.F.R. § 1003.2(c)(2) (providing for 90 days from the date of order of removal in which to file motion to reopen). Noting that an allegation of ineffective assistance of counsel may provide a basis for equitable tolling of the motion to reopen deadline, see Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005), the Board faulted Cao for failing to report his former counsel to the disciplinary board as required by Lozada.[1] The Board also

---

[1] The Board requires that a motion to reopen based on a claim of ineffective assistance of counsel be supported by an affidavit that sets forth the agreement that was entered into with former counsel with respect to the actions to be taken, and that former

4

determined that Cao had failed to act with due diligence in pursuing his ineffectiveness claim. Specifically, he offered no explanation for why he waited seven years after the Board's decision to seek redress of prior counsel's alleged deficient performance. See Mahmoud v. Gonzales, 427 F.3d 248, 253 (3d Cir. 2005). Lastly, the Board determined that Cao failed to show a reasonable likelihood that the result of the proceeding would have been different had prior counsel specifically argued in his brief that the IJ's finding of frivolousness was in error. See Fadiga v. Att'y Gen., 488 F.3d 142, 157-59 (3d Cir. 2007). Crediting Feng's explanation, the Board reasoned that, because the frivolousness finding was predicated on the IJ's adverse credibility finding, prior counsel correctly sought to rebut the adverse credibility determination. In sum, Cao had not shown that he was prejudiced by prior counsel's actions.

Cao has timely petitioned for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1) & (b)(1) to review the Board's decision denying the motion to reopen.

We will grant the petition for review, vacate the final order of removal, and remand to the Board for further proceedings on Cao's claim of ineffective assistance of counsel and his wife's Form I-730 asylee relative petition. We review the denial of a motion to reopen for an abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992). We will not disturb the Board's discretionary decision unless it is arbitrary, irrational or contrary to law. See, e.g., Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002); see also Shardar v. Att'y Gen., 503 F.3d 308, 311-12 (3d Cir. 2007).

---

counsel be informed of the allegations and allowed the opportunity to respond. The alien must also file a disciplinary complaint with the bar, or, if no complaint was filed, the alien must explain why not. 19 I. & N. Dec. at 639.

5

"An alien may file one motion to reopen proceedings," and such a motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A),(B). Ordinarily, "[t]he motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). In Mahmoud, we held that attorney conduct can provide a basis for equitable tolling of the ninety-day deadline. 427 F.3d at 252. But "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly." Id. at 253 (quoting Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005)).

We conclude that the Board abused its discretion in determining, on this record, that equitable tolling was not warranted in Cao's case. First, it was not a proper exercise of the Board's discretion to enforce the bar complaint requirement of Lozada in this case. The bar complaint requirement is not an absolute one. Lu v. Ashcroft, 259 F.3d 127, 133-34 (3d Cir. 2001). "[O]nly in rare circumstances have courts refused to reopen immigration proceedings *solely* because a petitioner failed to file a bar complaint." Id. at 134; see also Fadiga, 488 F.3d at 156-57 (excusing bar complaint requirement). Here, Cao's affidavit and Zeng's response to the allegations of ineffectiveness provide the information necessary to assess the merits of the ineffectiveness claim. Also, there is no suggestion of collusion here. See In re Rivera-Claros, 21 I. & N. Dec. 599, 604-05 (BIA 1996) (noting that one goal of disciplinary complaint requirement is to protect against collusive use by aliens and their counsel of ineffectiveness claims to achieve delay). Feng's response to the charge of ineffectiveness as a whole was to emphatically deny it.

Second, the Board's prejudice determination cannot stand. Prejudice in the immigration context requires the alien to show "a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." Fadiga, 488 F.3d at 159. The Board did not even acknowledge Cao's assertion that his wife had a pending I-730 asylee relative petition. Unless the Department of Homeland Security wishes to challenge (1) the fact that Cao's wife was granted asylum, or (2) the fact that she filed a Form I-730 petition on his behalf, this aspect of Cao's prejudice argument cannot be ignored. Moreover, if "the Attorney General determines that an alien has knowingly made a frivolous application for asylum . . . , the alien shall be *permanently* ineligible for any benefits under [the INA]." 8 U.S.C. § 1158(d)(6) (emphasis added). The finding of frivolousness, if it was in error, most certainly has actually prejudiced Cao.

An adverse credibility finding does not by itself support a finding that an asylum application is frivolous, see In re Y-L-, 24 I. & N. Dec. at 156. Under the regulation, the IJ must find that the alien deliberately fabricated a material element of his asylum claim. 8 C.F.R. § 1208.20. We see nothing in Cao's testimony to support the IJ's conclusion that he was deliberately fabricating his claim for asylum; the IJ's frustration with Feng, A.R. 205-06, 216, does not support a finding that Cao intentionally lied or deliberately fabricated a material element of his asylum claim. A finding of frivolousness should not be made lightly. Cham v. Att'y Gen., 445 F.3d 683, 690 n.5 (3d Cir. 2006) ("We cannot ignore the fact that Judge Ferlise typically finds asylum applications 'frivolous,' and the BIA typically reverses that finding."). In our view, had Feng separately challenged the finding of frivolousness in Cao's case, the Board could not have upheld it.

7

The Board's due diligence determination also cannot stand on this record.  The Board noted that seven years elapsed between the date of the Board's original decision and the filing of Cao's motion to reopen, but Cao asserted that his wife only obtained asylum status on October 4, 2005.  He was not potentially eligible for an immigration benefit through her until that date at the earliest.  It would have made no sense for him to have filed his motion to reopen between December 17, 2002 and October 4, 2005.  In his brief, Cao states that he filed his motion to reopen within a reasonable time after he discovered prior counsel's ineffectiveness and consulted with a new attorney, see Petitioner's Brief, at 3-4.  Due diligence requires that an alien make reasonable efforts to pursue his case before the agency.  See Mahmoud, 427 F.3d at 252; Borges, 402 F.3d at 407.  On remand, the Board should consider whether Cao made reasonable efforts to pursue his case before the agency, once he had a reason for doing so.

For the foregoing reasons, we will grant the petition for review, vacate the final order of removal, and remand for further proceedings.  We have also granted the stay sought by Cao.