**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4044
_____

GUI YING CHEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
UNITED STATES DEPARTMENT OF JUSTICE;
IMMIGRATION & NATURALIZATION SERVICE,
                                        Respondents
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-417-053)
Immigration Judge:  Honorable Alberto J. Riefkohl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 23, 2012
Before: SMITH, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 17, 2012 )
_____

OPINION
_____

PER CURIAM

    Gui Ying Chen petitions for review of the Board of Immigration Appeals' ("BIA")

denial of her motion to reopen.  For the following reasons, we will deny the petition for

review.

Chen, a citizen of China, entered the United States unlawfully in 2001. She was placed in removal proceedings pursuant to INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien lacking a valid entry document. Chen conceded removability, but applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), claiming that she was persecuted under China's family planning policy by being forced to have an abortion and pay fines after a premarital pregnancy.

A hearing before an Immigration Judge ("IJ") was held in 2003. The IJ found Chen incredible and denied relief. The IJ also concluded that Chen's asylum application was frivolous. In June 2004, the BIA dismissed Chen's appeal. The BIA noted that Chen did not specifically address the IJ's finding that her asylum application was frivolous. The BIA sustained the adverse credibility and frivolousness findings, and agreed with the IJ that Chen failed to show a well-founded fear of persecution or a likelihood of torture if she was removed to China.

In July 2011, Chen filed a motion to reopen to file a successive asylum application "based on new and previously unavailable evidence." She contended that she would be subject to mandatory sterilization because she had given birth to two children in the United States, in December 2003 and February 2006, and was pregnant with a third child. Chen claimed that local government officials in China were aware of her two children and pregnancy, and had warned her parents that she would be subject to sterilization when she returned to China. She also stated that since March 2011, she had become a

2

devoted Christian and asserted that she would lose her freedom of religion and be subject to religious persecution in China. Additionally, Chen claimed that her former counsel was ineffective for failing to appeal the IJ's finding that her asylum application was frivolous. In support of her motion to reopen, she provided affidavits from herself and her husband; letters and pictures from her church; a letter from her parents stating that local birth control officials were aware that Chen had two children and was pregnant, that officials had warned them that if Chen returns to China she will be sterilized, and that they had heard that some Christians in their village were arrested, interrogated, detained, and beaten because the Chinese Government "does not allow civilian people to practice religion in their free will"; and a letter from a neighbor in China echoing Chen's parents' concerns and further explaining the risks of being a Christian in China.

The BIA denied the motion to reopen as untimely. The BIA concluded that the time limit to file a motion to reopen was not tolled due to ineffective assistance of counsel because Chen had not exercised due diligence in raising a claim of ineffective assistance of counsel, had not established that her asylum claim would have been granted if the frivolousness finding was reversed, and had not met the requirements under In re Lozada, 19 I. & N. Dec. 637 (BIA 1988). The BIA acknowledged Chen's supporting evidence. However, the BIA noted that Chen did not submit evidence of current country conditions, such as background reports, articles, village notices, family planning office reports, or police reports, to corroborate the unsworn letters from her parents and neighbor or to demonstrate the current country conditions in China. Thus, the BIA also

3

concluded that Chen did not overcome the time bar because she failed to show changed country conditions. Chen then filed a petition for review.

We have jurisdiction to review the BIA's denial of Chen's motion to reopen pursuant to INA § 242(a), 8 U.S.C. § 1252(a). "As a general rule, motions to reopen are granted only under compelling circumstances." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004). We review the BIA's denial of a motion to reopen for an abuse of discretion, and will not disturb the BIA's decision unless it is "arbitrary, irrational, or contrary to law." Id. at 562 (citation omitted).

An alien generally may file only one motion to reopen and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). Thus, Chen's motion to reopen, filed more than seven years after the final administrative order, was untimely. However, the time bar does not apply to motions that rely on evidence of changed country conditions arising in the country of nationality, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing. INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3); see also Liu v. Att'y Gen., 555 F.3d 145, 150-52 (3d Cir. 2009) (successive asylum application, even when based on a change in personal circumstances, must be accompanied by a showing of changed country conditions). Additionally, an ineffective assistance of counsel claim can toll the period for filing a motion to reopen. Mahmood v. Gonzales, 427 F.3d 248, 251-52 (3d Cir. 2005).

4

Chen asserts that the BIA erred in concluding that she failed to meet the requirements of ineffective assistance of counsel. A petitioner seeking to equitably toll the limitations period to file a motion to reopen based on ineffective assistance of counsel must demonstrate that she has exercised due diligence in raising the claim and that prejudice resulted from counsel's alleged errors. Id. Prejudice requires the petitioner to show that there was a "reasonable likelihood that the result would have been different if the error[s] . . . had not occurred." Fadiga v. Att'y Gen., 488 F.3d 142, 159 (3d Cir. 2007) (citation omitted). Additionally, the BIA requires an alien to comply with the procedural requirements of Lozada, a requirement we have held to be reasonable. Lu v. Ashcroft, 259 F.3d 127, 132 (3d Cir. 2001).

Chen claimed that she did not learn of former counsel's failure to challenge the IJ's finding of frivolousness until she retained current counsel in April 2011. The BIA's 2004 opinion, however, explicitly noted that Chen's former counsel "did not specifically address in [the] appeal brief the [IJ's] finding that a frivolous asylum claim ha[d] been made." The BIA plausibly found that a reasonably diligent litigant would not have taken seven years to notice and take action based on the Board's comment. We conclude that the BIA did not abuse its discretion in concluding that Chen did not demonstrate due diligence. See Mahmood, 427 F.3d at 252-53.

Even if Chen could show due diligence, the BIA did not abuse its discretion in denying her equitable tolling for failing to satisfy Lozada. To meet the procedural requirements for bringing an ineffective assistance of counsel claim, a petitioner must:

5

(1) support her claim with an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide former counsel with a chance to respond; and (3) state whether a complaint against counsel has been filed with the appropriate disciplinary authority, and if not, a reasonable explanation of why not. 19 I. & N. Dec. at 639. Chen does not contest the BIA's determination that she has failed to meet the requirements of Lozada, but argues that the requirements "are not sacrosanct." We have recognized that the Lozada requirements "need not be rigidly enforced where their purpose is fully served by other means." Fadiga, 488 F.3d at 156. However, as the BIA concluded, there is no indication that Chen made any serious attempt at Lozada compliance[1] or that the purpose of the Lozada requirements was satisfied by other means. See id. at 156-57 (discussing the purpose of Lozada).[2]

---

[1] It appears that Chen has satisfied the first Lozada requirement by providing an affidavit, but she has neither provided evidence that she has informed former counsel of the ineffectiveness allegations nor stated whether a complaint against former counsel has been filed with the appropriate disciplinary authority.

[2] The BIA also rejected Chen's argument that her asylum claim "would have been granted" but for counsel's ineffectiveness in regard to the finding of frivolousness. A finding of frivolousness requires more than an adverse credibility determination. Cham v. Att'y Gen., 445 F.3d 683, 690 n.5 (3d Cir. 2006). It requires a finding that the material elements of an application for relief be deliberately fabricated. 8 C.F.R. § 208.20. Thus, by itself, the reversal of the frivolousness finding would not have automatically qualified Chen for any relief. We recognize, of course, that the consequences of a frivolousness finding are severe. See Cham, 445 F.3d at 690 n.5 (noting that permanent ineligibility for immigration benefits is a consequence of a frivolousness finding). But the Board was within its rights to note that Chen's actual theory of ineffectiveness, even if diligently pursued and then vindicated, would not have put her in the winning position her motion to reopen suggested.

Because Chen's motion could not be made timely via equitable tolling, she could proceed only by showing changed country conditions in China. See 8 C.F.R. § 1103.2(c)(3)(ii). Chen argues that the letters from her parents and neighbor stating that she would be subject to mandatory sterilization and likely religious persecution are new and previously unavailable evidence that demonstrate a change in country conditions. We cannot agree. The letters instead focus on a change in her *personal* circumstances, not a change in China's policies regarding religion or family planning. See Liu, 555 F.3d at 151 (noting that a motion to reopen predicated on changed personal circumstances must nevertheless establish a change in the relevant country conditions). Accordingly, we conclude that the BIA's decision to deny Chen's motion to reopen as untimely was not arbitrary, irrational, or contrary to law.[3]

For the foregoing reasons, we will deny the petition for review.

---

[3] Chen also argues that the BIA's analysis of the sufficiency of corroborative evidence was improper under Abdulai v. Ashcroft, 239 F.3d 542 (3d Cir. 2001). However, Abdulai does not apply here, as that case involved the issue of whether it was reasonable for the IJ to require corroborating evidence from an otherwise-credible asylum applicant who testified in Immigration Court. Id. at 551-54. Here, the question for the BIA was different: whether Chen had met her burden of showing sufficient evidence of changed country conditions to allow an untimely motion to reopen go forward. See Pllumi v. Att'y Gen., 642 F.3d 155, 161 (3d Cir. 2011).