# Matter of H-Y-Z-, Respondent

*Decided November 13, 2020*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Absent a showing of prejudice on account of ineffective assistance of counsel, or a showing that clearly undermines the validity and finality of the finding, it is inappropriate for the Board to favorably exercise our discretion to reopen a case and vacate an Immigration Judge's frivolousness finding.

FOR RESPONDENT:  Jan Potemkin, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Gregory Mayer, Assistant Chief Counsel

BEFORE:  Board Panel:  KELLY, COUCH, Appellate Immigration Judges; PEPPER, Temporary Appellate Immigration Judge

COUCH, Appellate Immigration Judge:

In a decision dated June 28, 2004, an Immigration Judge denied the respondent's applications for asylum and related relief and ordered her removed from the United States.[1]  We dismissed the respondent's appeal on October 27, 2005, and we denied her motion to reconsider our decision and reopen the proceedings on December 22, 2005.  The respondent filed a second motion to reopen on November 12, 2019.  The motion will be denied.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of the People's Republic of China.  In proceedings before the Immigration Judge, she conceded that she is removable, and she applied for relief from removal.  The Immigration Judge found that the respondent's testimony was not credible and, after advising her of the adverse consequences of knowingly filing a frivolous asylum

---

[1]  The respondent also applied for withholding of removal and requested protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988).

application, determined that "material elements" of her claim were "deliberately fabricated," as required for a frivolousness finding under 8 C.F.R. § 1208.20 (2004).[2]

The respondent's first attorney who represented her at trial timely appealed that ruling, alleging as one of the four reasons for the appeal that the "Immigration Judge erred in finding the Respondent's application to be frivolous as it was not fabricated." The respondent's second counsel prepared and filed the respondent's appellate brief, which did not address the frivolous application finding. We dismissed the respondent's appeal, and specifically affirmed the Immigration Judge's determinations that she lacked credibility and submitted a frivolous application for asylum.

A third counsel filed a petition for review of our decision, which the United States Court of Appeals for the Third Circuit denied on December 18, 2006.[3] *Zhou v. Att'y Gen. of U.S.*, 206 F. App'x 237, 239 (3d Cir. 2006). Quoting the Immigration Judge's finding that the respondent's asylum application was frivolous, the court concluded that there was "no basis to reject the findings of either the [Immigration Judge] or the [Board]." *Id.*

On November 28, 2005, while the respondent's petition for review was pending, the same attorney also filed a motion to reconsider our decision and reopen the removal proceedings based on an alleged mistranslation of a foreign document that was previously submitted and considered as evidence by the Immigration Judge. We denied the motion, which was not appealed.

We now address the respondent's second motion to reopen, filed by her fourth attorney 14 years after we dismissed her appeal and denied her motion, which seeks to vacate the Immigration Judge's finding that she knowingly filed a frivolous asylum application in an effort to overcome the statutory bar

---

[2]   The Immigration Judge appropriately based his findings on the respondent's lack of credibility and poor demeanor while testifying within the context of other contradictory evidence in the record. *See Matter of Y-L-*, 24 I&N Dec. 151, 155 (BIA 2007) (recognizing that "the serious consequences of a frivolousness finding" require Immigration Judges to afford asylum applicants certain procedural safeguards under the regulation); *see also Matter of B-Y-*, 25 I&N Dec. 236, 240 (BIA 2010) ("[W]hile some incorporation by reference from the adverse credibility findings and analysis is permissible, the Immigration Judge's frivolousness determination should separately address the respondent's explanations in the context of how they may have a bearing on the materiality and deliberateness requirements unique to that determination.").

[3]   The respondent has made no reference in her current motion to the fact that our 2005 decision was later affirmed by the Third Circuit. Although a supplemental filing made a passing reference to the denial of her petition for review, her current counsel has not provided the official citation to the case. Counsel is admonished that a moving party "*shall* state whether the validity of the . . . removal order has been or is the subject of any judicial proceeding and, if so, the nature and date thereof, the court in which such proceeding took place or is pending, and its result or status." 8 C.F.R. § 1003.2(e) (2020) (emphasis added).

to benefits in section 208(d)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1158(d)(6) (2018).  She also seeks reopening based on the fact that on January 27, 2014, her husband filed a petition to accord her derivative status as a U nonimmigrant under section 101(a)(15)(U) of the Act, 8 U.S.C. § 1101(a)(15)(U) (2012).[4]

## II. ANALYSIS

The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.  *See* 8 C.F.R. § 1003.2(a) (2020). In order to sustain his or her burden on a motion to reopen, an alien must establish that the ultimate relief they seek would be merited as a matter of discretion.  *See Matter of Coelho*, 20 I&N Dec. 464, 472 (BIA 1992). Motions to reopen are disfavored and strict limits are enforced in removal proceedings where every delay works to the advantage of an alien illegally residing in the United States who wishes to remain. *INS v. Doherty*, 502 U.S. 314, 323 (1992); *INS v. Abudu*, 485 U.S. 94, 107 (1988); *Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001); *Matter of S-Y-G-*, 24 I&N Dec. 247, 252 (BIA 2007).  The respondent has the heavy burden of demonstrating that the "new evidence offered would likely change the result in the case." *Matter of S-Y-G-*, 24 I&N Dec. at 251 (quoting *Matter of Coelho*, 20 I&N Dec. at 473).

There are three principal grounds on which an Immigration Judge or the Board may deny a motion to reopen immigration proceedings:  (1) the movant has failed to establish a prima facie case for the relief sought, (2) the movant has failed to introduce previously unavailable material evidence that justified reopening, or (3) in cases in which the ultimate grant of relief being sought is discretionary, the Board can pass by the first two bases for denial and determine that even if they were met, the movant would not be entitled to the discretionary grant of relief.[5]  *Filja v. Gonzales*, 447 F.3d 241, 255 (3d Cir. 2006) (citations omitted).

---

[4]   The only relief the respondent seeks relates to her derivative status claim, so we need not address the effect of the section 208(d)(6) bar on a claim to withholding of removal under the Act or the Convention Against Torture.  *See* 8 C.F.R. § 1208.20 ("[A] finding that an alien filed a frivolous asylum application shall not preclude the alien from seeking withholding of removal.").

[5]   A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board.  *See* 8 C.F.R. § 1003.2(a).  With limited exceptions, a motion to reopen must be filed within 90 days of the date of entry of a final administrative order of deportation or removal.  *See* section 240(c)(7)(C)(i) of the Act, 8 U.S.C. § 1229a(c)(7)(C)(i) (2018); 8 C.F.R. § 1003.2(c)(2).  Absent certain exceptions

In her motion to reopen, the respondent requests we vacate the Immigration Judge's determination that she knowingly filed a frivolous application for asylum, so she may overcome the statutory bar precluding her from receiving any immigration benefit under section 208(d)(6) of the Act. Through counsel, the respondent contends that the Immigration Judge habitually made erroneous frivolousness findings in asylum cases like hers, which she was unable to overcome on appeal due to her second attorney's ineffective assistance of counsel in the preparation and filing of her appellate brief. *Cham v. Att'y Gen. of U.S.*, 445 F.3d 683 (3d Cir. 2006).

A claim of ineffective assistance of counsel, if properly established, may constitute proper grounds for reopening removal proceedings. *Xu Yong Lu*, 259 F.3d at 131–32. In the case of untimely motions to reopen, ineffective assistance of counsel can serve as the basis for equitable tolling of the time limit for filing only if it is substantiated and accompanied by a showing of due diligence. *Alzaarir v. Att'y Gen. of U.S.*, 639 F.3d 86, 90 (3d Cir. 2011) (per curiam) (citing *Mahmood v. Gonzales*, 427 F.3d 248, 252 (3d Cir. 2005)). The Board's "sua sponte" authority to reopen or reconsider cases is limited to exceptional circumstances and is not meant to cure filing defects or circumvent the regulations. *Chehazeh v. Att'y Gen. of U.S.*, 666 F.3d. 118, 140 (3d Cir. 2012) (citing *Matter of J-J-*, 21 I&N Dec. 976, 984 (BIA 1997)).

## A.

A finding that an application for asylum is frivolous, "unlike a determination in regard to eligibility for [other] form[s] of relief . . . , is a preemptive determination which, once made, forever bars an alien from any benefit under [section 208(d)(6) of] the Act." *Matter of Y-L-*, 24 I&N Dec. 151, 157 (BIA 2007). We appreciate the severity of the consequences accompanying a finding of frivolousness, which has been described as a "death sentence" for an asylum-seeker's hopes of securing permanent, lawful residence in the United States. *Luciana v. Att'y Gen. of U.S.*, 502 F.3d 273, 278 (3d Cir. 2007) (citation omitted). And as the Attorney General emphasized when 8 C.F.R. § 1208.20 was promulgated in 1997, the regulatory standards for the frivolousness finding were formulated "with the severity of the consequences in mind." *Matter of Y-L-*, 24 I&N Dec. at 158 (citation omitted).

"The bar on relief due to the filing of a frivolous asylum application becomes 'effective as of *the date of a final determination* on such application.'" *Ribas v. Mukasey*, 545 F.3d 922, 931 (10th Cir. 2008) (quoting

---

not applicable to this case, section 240(c)(7)(A) of the Act limits an alien ordered removed to filing only one motion to reopen. *See Luntungan v. Att'y Gen. of U.S.*, 449 F.3d 551, 557 (3d Cir. 2006).

section 208(d)(6) of the Act). Therefore, the subsequent filing of a motion to reopen, even one that challenges a frivolousness finding, has no effect on the statutory bar to immigration benefits. *Id.* (holding that a frivolousness finding was final despite the Board's erroneous grant of a motion to reopen that did not address that finding). This is consistent with the regulation regarding motions to reopen before the Immigration Judge at 8 C.F.R. § 1003.23(b)(4)(i) (2020), which states that if an "asylum application was denied based upon a finding that it was frivolous, then the alien is ineligible to file either a motion to reopen or reconsider"). Because the respondent's frivolousness finding was upheld by the Board and the Third Circuit, it is final, and section 208(d)(6) of the Act renders her ineligible for any relief.

Absent a showing of prejudice on account of ineffective assistance of counsel, or a showing that clearly undermines the validity and finality of the finding, it is inappropriate for the Board to favorably exercise our discretion to reopen a case and vacate an Immigration Judge's frivolousness finding. Otherwise, cases could be reopened for the sole purpose of avoiding the adverse consequences of the statutory bar to any immigration benefit imposed by the Act. Indeed, without such prejudice, to allow an asylum applicant to relitigate a finding of frivolousness "would undermine both the plain language of, and the policy behind, section 208(d)(6)—as well as the potency of the required warnings." *Matter of X-Y-C-*, 25 I&N Dec. 322, 325–26 (BIA 2010). An alien, such as the respondent, who filed a frivolous application as determined by an Immigration Judge "could escape the consequences deliberately chosen by Congress to prevent such abuse of the system" if we permit her to later relitigate the issues which led to those consequences simply because she may be eligible for legal status through some alternate means. *Id.* at 326; *see also Matter of G-D-*, 22 I&N Dec. 1132, 1135–36 (BIA 1999) ("Engaging in such a readjudication would be tantamount to granting reconsideration, with its concomitant expenditure of adjudicatory resources, even if we were ultimately to determine that the new precedent did not alter the outcome.").

Applying section 208(d)(6) of the Act to this case, the Immigration Judge's frivolousness finding became final on October 27, 2005, when we dismissed the respondent's appeal of his decision. 8 C.F.R. § 1208.20. The consequences of this finding should have been apparent to the respondent at the time because she was advised of them during the conduct of her removal proceedings, and through a warning printed on the asylum application (Form I-589) she signed under oath. Thus, the respondent had both constructive and actual notice that she was statutorily barred from receiving any immigration benefit at the time her husband filed a Petition for Qualifying Family Member of U-1 Recipient (Form I-918, Supplement A) on January 27, 2014. The respondent therefore fails to establish prima facie eligibility

for U nonimmigrant status under section 101(a)(15)(U) of the Act, because at the time her husband filed his petition, the respondent was subject to a statutory bar from such relief based on her previous filing of a frivolous asylum application. *See Tchuinga v. Gonzales*, 454 F.3d 54, 60 (1st Cir. 2006) (citing 8 U.S.C. § 1158(d)(6)).

## B.

The respondent's motion does not demonstrate an exceptional situation that would warrant the exercise of our discretionary authority to reopen her proceedings. *See Sang Goo Park v. Att'y Gen. of U.S.*, 846 F.3d 645, 650 (3d Cir. 2017) (citing 8 C.F.R. § 1003.2(a)). In this case, the respondent seeks to reopen her proceedings based on equities that were acquired while she remained illegally in the United States after being ordered removed. Equities established in this manner generally do not constitute such truly exceptional circumstances as to warrant discretionary reopening. *See Matter of J-J-*, 21 I&N Dec. at 984 (citing former 8 C.F.R. § 3.2(a) (1997)).

Nor do we consider the respondent's claim of ineffective assistance of counsel to be a valid basis to reopen her removal proceedings and vacate the frivolousness finding. *See* 8 C.F.R. § 1003.2(a). Based upon the record presented, we are not persuaded that the filing deadline should be equitably tolled because the respondent was prejudiced by the ineffective assistance of her second counsel resulting from the appellate brief he filed in 2005.

Although the respondent has substantially complied with the procedural requirements for a claim of ineffective assistance of counsel as outlined in *Matter of Lozada*, 19 I&N Dec. 637, 639 (BIA 1988), she did not establish that the deficiency in the appellate brief filed was prejudicial to her case. *Id.* at 640; *see also Fadiga v. Att'y Gen. of U.S.*, 488 F.3d 142, 155 (3d Cir. 2007). The respondent's previous counsel had already explicitly disputed the frivolousness finding on her Notice of Appeal (Form EOIR-26). Contrary to the respondent's contention, this Board considered both the adverse credibility and frivolousness findings on the merits. Moreover, a third counsel filed a timely motion to reconsider, which again set forth numerous arguments contesting the adverse credibility finding, but the motion was denied.

On these facts, we find no reasonable likelihood that the outcome of the respondent's proceedings would have been different if counsel had challenged the frivolousness finding in the appellate brief he prepared and filed for the respondent. *See Gui Ying Chen v. Att'y Gen. of U.S.*, 488 F. App'x 607, 609–10 & n.2 (3d Cir. 2012) (per curiam) (rejecting the alien's assertion that the outcome of her asylum claim would have been different but for counsel's ineffective assistance in failing to expressly address a

frivolousness finding on appeal); *see also Zheng v. Gonzales*, 422 F.3d 98, 107 & n.6 (3d Cir. 2005) (holding that counsel's failure to file a brief was not prejudicial because the alien's motion to reopen showed no reason to believe that the denial of asylum might otherwise have been reversed). Therefore, no prejudice has been established. *Matter of Lozada*, 19 I&N Dec. at 638-–39; *cf. Huai Cao v. Att'y Gen. of U.S.*, 421 F. App'x 218, 220–21 (3d Cir. 2011) (finding prejudice from ineffective assistance of counsel for failure to expressly challenge a frivolousness finding on appeal).

Despite the various efforts of the three attorneys who represented the respondent, she has also not explained why she apparently made no inquiries regarding the frivolousness finding or took any steps to contest it between the years 2005 and 2019. This inaction for the nearly 14-year period between our administratively final order and the filing of her current motion demonstrates a lack of due diligence. *Alzaarir*, 639 F.3d at 91.

Even assuming that the time and number bars may be equitably tolled, the Third Circuit has declined to apply that remedy in the absence of some unfairness surrounding a previous motion to reopen, because if an alien was provided "a fair chance to be heard," there is no equitable reason to permit another motion. *Luntungan v. Att'y Gen. of U.S.*, 449 F.3d 551, 557–58 (3d Cir. 2006) (per curiam). Since the respondent's first motion to reopen gave her a fair opportunity to allege any impropriety in regard to her application for asylum, we are unpersuaded that the time and number bars should be equitably tolled based on her claim of ineffective assistance of counsel.

## III. CONCLUSION

For the reasons set forth above, we conclude that the respondent is ineligible for any immigration benefit under section 208(d)(6) of the Act. The respondent has not made a persuasive claim for ineffective assistance of counsel that constitutes exceptional circumstances which clearly undermines the validity or finality of the Immigration Judge's frivolousness finding. We therefore decline to exercise our discretionary authority to reopen these proceedings as the respondent has not demonstrated prima facie eligibility for the relief sought. *Filja*, 447 F.3d at 255 (citing *Doherty*, 502 U.S. at 323, and *Abudu*, 485 U.S. at 105) (other citations omitted). Accordingly, the respondent's motion to reopen will be denied.

**ORDER:** The motion to reopen is denied.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the Department of Homeland

Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $813 for each day the respondent is in violation. *See* Section 274D of the Act, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2020).