# Matter of X-M-C-, Respondent

*Decided August 25, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  A determination that an alien has filed a frivolous application for asylum, pursuant to section 208(d)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1158(d)(6) (2006), can be made in the absence of a final decision on the merits of the asylum application.

(2)  Withdrawal of an alien's asylum application after the required warnings and safeguards have been provided does not preclude a finding that the application is frivolous.

FOR RESPONDENT:  Howard Hom, Esquire, San Diego, California

BEFORE:  Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

GRANT, Board Member:

This case is presently before us pursuant to an order of the United States Court of Appeals for the Ninth Circuit.  That order requested that we address whether a determination that an alien has filed a frivolous application for asylum, pursuant to section 208(d)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1158(d)(6) (2006), can be made (1) in the absence of a final decision on the merits of the application or (2) in circumstances where the asylum application has been withdrawn. *Chen v. Mukasey*, 527 F.3d 935 (9th Cir. 2008).  Previously, we summarily affirmed the decision of an Immigration Judge denying the respondent's applications for relief and determining that she had filed a frivolous application.

We conclude that a determination pursuant to section 208(d)(6) of the Act can be made in the absence of a final decision on the merits of the asylum application and, moreover, that withdrawal of an asylum application after the required warnings and safeguards have been provided does not preclude making such a determination.  Accordingly, the respondent's appeal will be dismissed.

## I . FACTUAL AND PROCEDURAL HISTORY

The respondent arrived in the United States in 1998, having obtained a nonimmigrant P-3 visa through fraudulent means.  In March 1999, she filed

an application for asylum from China, which she admits contained materially false information.  A month later, she gave testimony to an asylum officer in support of her application.  In the course of that interview, she falsely stated that she was married and that she had two children.  Her application was referred by the asylum officer to the Immigration Court, and a Notice to Appear (Form I-862) was served on the respondent.

At an August 1999 hearing before an Immigration Judge, the respondent's attorney was served with a Notice of Privilege of Counsel and Consequences of Knowingly Filing a Frivolous Application for Asylum.  At the same hearing, the respondent was advised by the Immigration Judge of the consequences of filing a frivolous asylum application, and after being given the opportunity to discuss the frivolous application warnings with her counsel, she stated that she wanted the Immigration Judge to consider her asylum application.  Thereafter, on November 15, 1999, the asylum application was withdrawn and the respondent elected to apply for adjustment of status, contingent on the approval of a spousal visa petition filed on her behalf.

At an April 25, 2002, hearing regarding the adjustment application, the respondent testified that the contents of her asylum application were false, as was her testimony to an asylum officer in 1999.  Furthermore, she stated that she had submitted fraudulent documents to support her spurious claim that she was married and had children in China.  The Department of Homeland Security argued that the adjustment application should be denied because the respondent had filed a frivolous asylum application.  In a decision dated February 27, 2003, the Immigration Judge denied the respondent's application for adjustment of status based on her frivolous asylum application, holding that the later recantation of her story did "not waive the fact that a frivolous application has been filed."

## II.  ANALYSIS

The Immigration Judge's determination that the respondent filed a frivolous asylum application clearly comports with the requirements set forth in *Matter of Y-L-*, 24 I&N Dec. 151 (BIA 2007); s*ee also Matter of B-Y-*, 25 I&N Dec. 236 (BIA 2010).  First, the Immigration Judge gave the respondent both oral and written warnings about the consequences of proceeding with a frivolous asylum application.  Second, the Immigration Judge made a specific finding that the respondent knowingly filed a frivolous asylum application.  Third, there is sufficient evidence in the record supporting the finding that a material element of the asylum application was deliberately fabricated.  Finally, the respondent was given an opportunity to account for the fabricated portions of her claim.  The Ninth Circuit has agreed, stating that the respondent's application for asylum "'unquestionably contained deliberately fabricated elements'" and that she received proper notice of the consequences of filing

a frivolous application. *Chen v. Mukasey*, 527 F.3d at 943 (quoting *Mei Juan Zheng*, 514 F.3d 176, 180 (2d Cir. 2008)).

In response to the first question posed by the Ninth Circuit, we conclude that an Immigration Judge's authority to determine that an alien has knowingly made a frivolous application for asylum is not limited to circumstances in which the Immigration Judge makes a final determination on the merits of the application. The relevant provisions of the Act and the regulations clearly indicate that an inquiry into whether an application is frivolous can be triggered once the application is "made" or "filed." According to section 208(d)(6) of the Act,

> If the Attorney General determines that an alien has knowingly *made* a frivolous application for asylum and the alien has received the notice under paragraph (4)(A), the alien shall be permanently ineligible for any benefits under this Act, effective as of the date of a final determination on such application.

(Emphasis added.) The regulations are in accord:

> For applications filed on or after April 1, 1997, an application is subject to the provisions of section 208(d)(6) of the Act only if a final order by an immigration judge or the Board of Immigration Appeals specifically finds that the alien knowingly *filed* a frivolous asylum application.

8 C.F.R. § 1208.20 (2010) (emphasis added).

Thus, the only action required to trigger a frivolousness inquiry is the filing of an asylum application.[1] There is no requirement or mandate that the alien subsequently follow through with the application until a final decision is made on the merits. According to *Matter of Y-L-*, 24 I&N Dec. at 157, a finding that an asylum application is frivolous is a "*preemptive* determination," unlike one concerning eligibility for a particular form of relief from removal. (Emphasis added.) Consequently, after a determination has been made that an asylum application is frivolous, a separate evaluation of the merits of the application is not necessary. Indeed, it would be pointless in many cases to require an Immigration Judge to separately assess an asylum application on the merits after a determination has been made that material elements of the

---

[1] The Immigration Judge may raise the issue of frivolousness, but given the adversarial nature of the proceedings, the Immigration Judge is not required to evaluate whether an application is frivolous if the Government does not raise the issue. *See Matter of Y-L-*, 24 I&N Dec. at 160 (stating that the Immigration Judge or the Government may raise the issue of frivolousness). For example, the fact that an adverse credibility determination is made does not in itself require the Immigration Judge to make a separate determination on whether the application was frivolous.

application were deliberately fabricated. Once the framework and safeguards delineated in *Matter of Y-L-* are followed, that is the end of the inquiry, and the consequences of filing a frivolous application apply.[2]

The statutory phrase providing that a finding that an application is frivolous is effective "as of the date of a final determination on such application" does not require a final determination on the *merits* of that application. Section 208(d)(6) of the Act. As noted above, the regulations refer to a "final order by an immigration judge or the Board of Immigration Appeals [that] specifically finds that the alien knowingly filed a frivolous asylum application." 8 C.F.R. § 1208.20. We conclude that in the context of section 208(d)(6), the phrase "final determination on such application" includes a final order determining that an asylum application is frivolous. Such a finding of frivolousness is a preemptive determination that bars a grant of the asylum application and makes a separate determination on the merits of the application unnecessary.[3]

The answer to the Ninth Circuit's second question—whether withdrawal of an asylum application renders the application moot and thus not susceptible to a frivolousness finding—turns not only on the precise text of section 208(d)(6) of the Act, but also on the policy behind that provision.[4] *See Matter of Moncada*, 24 I&N Dec. 62, 64-65 (BIA 2007) (stating that our duty is to construe the Act in context, guided by common sense and as part of a symmetrical and coherent statutory and regulatory scheme) (citing *Food and Drug Administration v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)). The plain language of section 208(d)(6) clearly provides that an asylum application can be deemed frivolous once it is "made" and the required warnings have been given. Allowing the preemptive withdrawal of an application to prevent a finding of frivolousness would undermine both the plain language of, and the policy behind, section 208(d)(6)—as well as the

---

[2] This observation is not intended to discourage Immigration Judges from making an *alternative* finding that, even if the application is not frivolous, the applicant has not met the burden of proof. Alternate findings can promote the efficient resolution of cases. *See* 8 C.F.R. § 1240.12(c) (2010). The Immigration Judge is not required to have fully ruled on the merits of the claim in order for the frivolousness finding to be effective.

[3] This interpretation does not limit Immigration Judges to considering the frivolousness of only new or currently pending asylum applications. Rather, if a frivolous application is filed by an applicant and the safeguards in *Matter of Y-L* are followed, that application may, at any time, be discovered or determined to be frivolous. There is no statute of limitations with respect to making a determination of frivolousness, and the fact that an applicant may have been able to avoid the discovery that a prior application was frivolous does not prevent a later determination that it was indeed frivolous.

[4] There is nothing in the plain language of section 208(d)(6) that supports the conclusion that withdrawal of an asylum application renders the application moot and thus not susceptible to a frivolousness finding.

potency of the required warnings. An alien, such as the respondent, who not only filed a frivolous application but also testified falsely in support of that application to an asylum officer could escape the consequences deliberately chosen by Congress to prevent such abuse of the system.

In its analysis in this case, the Ninth Circuit endorsed *Lazar v. Gonzales*, 500 F.3d 469 (6th Cir. 2007), where the Sixth Circuit rejected arguments similar to those posed by the respondent. The petitioner in *Lazar* filed two applications for asylum. After receiving the frivolous application warnings, the petitioner affirmed that the contents of his second asylum application were entirely correct, and he declined to make any changes. *Id.* at 473. During the hearing, in response to questions and documents submitted by the Government, the petitioner admitted that he had been untruthful in his second asylum application and then withdrew that application. The Immigration Judge acknowledged the withdrawal of the application but indicated that a prompt recantation did not prevent the application from being deemed frivolous. We upheld the Immigration Judge's decision.

The Sixth Circuit agreed and held that the withdrawal of the asylum application did not obviate the need for the Immigration Judge to determine whether the false application should be deemed frivolous. In its decision remanding this case, the Ninth Circuit specifically endorsed the Sixth Circuit's reasoning and conclusion in *Lazar*. *Chen v. Mukasey*, 527 F.3d at 943 (expressing the belief that *Lazar* was "correctly decided"); s*ee also Barreto-Claro v. U.S. Att'y Gen.*, 275 F.3d 1334, 1339 (11th Cir. 2001) (upholding a frivolousness finding where the alien's initial asylum application contained a fabricated element and the alien filed a revised application).

Furthermore, the warnings provided on asylum applications and verbally given by Immigration Judges, in addition to the safeguards outlined in *Matter of Y-L-*, 24 I&N Dec. 151, amply protect an asylum applicant and give the alien an opportunity to recant a statement or withdraw the application prior to acknowledging the frivolous application warnings. If after the warnings are given, the applicant still swears that the application is truthful, a subsequent withdrawal or a recanting of a story does not provide protection from a frivolous application inquiry or finding. While applicants should be encouraged to recant false statements and withdraw false applications, the Immigration Judge and this Board are not prevented from finding that an application is frivolous simply because the applicant withdrew the application or recanted false statements after the appropriate warnings and safeguards were given, but prior to a decision on the merits.[5]

---

[5] There may be circumstances where, after the warnings have been given, the evidence suggests that an asylum application might have been fabricated and, as a means to end

(continued...)

After being given the frivolous application warnings and an opportunity to discuss them with counsel, the respondent testified before the Immigration Judge that she wanted him to accept and consider her asylum application. Only later did she indicate that she wished to withdraw that application. The respondent could have withdrawn her fraudulent asylum application before being given the warnings or after being asked whether she wished to proceed on the application. She did neither. Thus, her subsequent withdrawal did not preclude a determination that the application was frivolous. Therefore, the Immigration Judge did not err in determining that the respondent filed a frivolous asylum application and in pretermitting her application for adjustment of status. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

(...continued)

litigation, the parties stipulate to withdrawal of the application and request the entry of an order of removal or voluntary departure. Our ruling should not be understood to prohibit such a course of action.