Dong v. Holder

BIA
Ferris, IJ
A097 958 279

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand thirteen.

PRESENT:
>
> DENNIS JACOBS,
> *Chief Judge,*
> JON O. NEWMAN,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

QIJIN DONG, AKA MICHAEL CHAN,
          *Petitioner,*

          v.                                    12-1277
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:          Cora J. Chang, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Ada E. Bosque,
                         Senior Litigation Counsel; Flor M.
                         Suarez, Trial Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a
Board of Immigration Appeals ("BIA") decision, it is hereby
ORDERED, ADJUDGED, AND DECREED that the petition for review
is DENIED.

Qijin Dong, a native and citizen of China, seeks review
of a March 7, 2012, decision of the BIA affirming the
February 1, 2010, decision of Immigration Judge ("IJ") Noel
Ferris, finding that he had filed a frivolous asylum
application, and failed to meet his burden of proof for
withholding of removal and for relief under the Convention
Against Torture ("CAT"). *In re Qijin Dong*, No. A097 958 279
(B.I.A. Mar. 7, 2012), *aff'g* No. A097 958 279 (Immig. Ct.
N.Y. City Feb. 1, 2010). We assume the parties' familiarity
with the underlying facts and procedural history in this
case.

Under the circumstances of this case, we have reviewed
the IJ's decision including the portions not explicitly
discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432
F.3d 391, 394 (2d Cir. 2005). The applicable standards of
review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B);
*Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

## I.  Asylum

In making a frivolousness determination, an IJ must: (1) give notice to the alien of the consequences of filing a frivolous application; (2) make a specific finding that the alien knowingly filed a frivolous application; (3) identify sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) allow the alien sufficient opportunity to account for any discrepancies or implausible aspects of the claim.  *Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 180 (2d Cir. 2008) (citing *Matter of Y-L-*, 24 I&N Dec. 151, 155 (BIA 2007)).  An asylum application may be found frivolous once it is filed, and subsequent withdrawal of the application does not negate such a finding.  *See Mei Juan Zheng v. Holder*, 672 F.3d 178, 184-85 (2d Cir. 2012).

Dong has failed to show any error in the agency's frivolousness finding.  As to the first procedural requirement for making such findings, the IJ properly read Dong the warnings, and Dong affirmed that his application was true and that he wanted to submit it to the court.  *See Mei Juan Zheng*, 514 F.3d at 180.  In compliance with the second requirement, the IJ made a specific finding of frivolousness.  *Id.*

3

As to the third requirement, Dong argues that the IJ failed to find a material element of his second asylum application fabricated as required to deny his asylum claim raised therein. However, the IJ may "enter frivolousness findings on *any* filed application, regardless of whether it has been withdrawn," *Mei Juan Zheng*, 672 F.3d at 182 (emphasis added); *see also Matter of X-M-C-*, 25 I&N Dec. 322, 325 n.3 (BIA 2010) ("[The IJ is not limited] to considering the frivolousness of only new or currently pending asylum applications."), and such a finding renders the applicant permanently ineligible for asylum, *see* 8 U.S.C. § 1158(d)(6). As the IJ reasonably found that material elements of Dong's first asylum application were deliberately fabricated, the IJ did not err in making a frivolousness finding and further was not required to make such a finding as to Dong's second application in order to find him ineligible for asylum on the bases raised therein. *See Biao Yang v. Gonzales*, 496 F.3d 268, 277 (2d Cir. 2007); *see also* 8 U.S.C. § 1158(d)(6).

As to the last factor, Dong argues that the IJ did not properly consider his explanation that the person who smuggled him into the United States coerced him into making

4

the false claim in his first application.  However, the IJ reasonably considered and rejected Dong's explanation because Dong continued to pursue the false claim for more than one year after being smuggled into the country and admitted that he would have continued to pursue it absent the advice of his second attorney.  *See Mei Juan Zheng*, 514 F.3d at 180; *Matter of B-Y-*, 25 I&N Dec. 236, 240 (BIA 2010).  Because the agency followed the proper procedural safeguards and reasonably found that Dong deliberately fabricated a material element of his first asylum application, there is no error in the frivolousness finding. *See Mei Juan Zheng*, 672 F.3d at 184; *see also Y-L-*, 24 I&N Dec. at 155.

## II.  Withholding of Removal and CAT

A frivolous asylum application finding does not preclude an alien from applying for withholding of removal under either 8 U.S.C. § 1231(b)(3) or the CAT.  *See* 8 C.F.R. § 1208.20.  In this case, the agency did not err in finding that Dong did not state a claim for such relief.

The agency reasonably concluded that Dong's alleged fear of harm under China's coercive population control policy was speculative, as he had not violated the policy and the sole basis for his fear was his mother's purported

5

forced sterilization. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 143 (2d Cir. 2008); *see also Jian Xing Huang v. U.S. INS,* 421 F.3d 125, 129 (2d Cir. 2005); *Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir. 2005). The agency also did not err in finding that Dong failed to demonstrate that Chinese officials were likely to persecute and torture him upon repatriation based on a suspicion that he had departed China illegally, particularly when he admitted that he left the country legally and he did not submit evidence demonstrating that similarly situated individuals face harm. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992) ("punishment for violation of a generally applicable criminal law is not persecution"); *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (holding that a petitioner is not "entitled to CAT protection based solely on the fact that he is part of the large class of persons who have illegally departed China.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

6

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk