FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| RUDI IRAWAN, | ) | No. 09-72223 |
| | ) | |
| Petitioner, | ) | Agency No. A095-585-462 |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| ERIC H. HOLDER, Jr., Attorney General, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2013[**]
Pasadena, California

Before: FERNANDEZ, PAEZ, and HURWITZ, Circuit Judges.

Rudi Irawan, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' (BIA) determination that he had filed a frivolous

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

application for asylum,[1] and its denial of his application for asylum,[2] withholding of removal[3] and Convention Against Torture relief.[4] We deny the petition.

The BIA's factual determinations can be reversed only if the petitioner can "show that the evidence he presented was so compelling that no reasonable factfinder could fail" to find the contrary. INS v. Elias-Zacarias, 502 U.S. 478, 483–84, 112 S. Ct. 812, 817, 117 L. Ed. 2d 38 (1992).

(1)     Irawan asserts that the BIA erred when it determined that he had filed a frivolous asylum application when he fabricated facts about attacks on his parents' business properties. See 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 1208.20. We disagree. There can be no doubt that he did just that.

His retraction of the fabricated facts when after years of proceedings it became apparent that his asylum application would be denied and he had found an

---

[1] 8 U.S.C. § 1158(d)(4)(A), (d)(6).

[2] 8 U.S.C. § 1158.

[3] 8 U.S.C. § 1231(b)(3).

[4] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

alternate basis for relief from removal[5] did not preclude a frivolity finding.[6]

Moreover, the written warnings in the asylum application were proper notice of the

consequences of filing a frivolous application. See 8 U.S.C. § 1158(d)(4)(A);

Cheema v. Holder, 693 F.3d 1045, 1049 (9th Cir. 2012). Finally, his fabrication

was a "material element" of his claim. See 8 C.F.R. § 1208.20. It was a material

or important part of the claim itself. See Khadka v. Holder, 618 F.3d 996, 1003

(9th Cir. 2010); In re B– Y–, 25 I. & N. Dec. 236, 241 (BIA 2010); see also In re

Y– L–, 24 I. & N. Dec. 151, 155 (BIA 2007). His other assertions regarding

persecution failed to support his claim. He plainly had a "reasonable opportunity

to present evidence on his behalf." Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.

2000). Thus, his fabrication precluded asylum relief. It also precluded adjustment

of status relief. See Ahir v. Mukasey, 527 F.3d 912, 915–16 (9th Cir. 2008).

(2)     On the evidence before the BIA, even before the fabricated evidence

was removed from the mix, the BIA determined that Irawan had not demonstrated

that he was entitled to asylum relief; he has not met the heavy burden of showing

that the record compels a contrary conclusion. See Elias-Zacarias, 502 U.S. at

---

[5]He sought adjustment of status through his wife. See 8 U.S.C. § 1255.

[6] See Kulakchyan v. Holder, No. 09-71185, slip op. at 6 (9th Cir. Sept. 18, 2013); see also Chen v. Mukasey, 527 F.3d 935, 943 (9th Cir. 2008); In re X– M– C–, 25 I. & N. Dec. 322, 322 (BIA 2010).

3

483–84, 112 S. Ct. at 817; <u>Zehatye v. Gonzales</u>, 453 F.3d 1182, 1185 (9th Cir.

2006).  And his strongest evidence[7] evaporated with the fall of his fabricated claim.

His failure to show a sufficient basis for asylum relief necessarily showed an

insufficient basis for withholding relief.  <u>See</u> <u>Farah v. Ashcroft</u>, 348 F.3d 1153,

1156 (9th Cir. 2003); <u>Ghaly v. INS</u>, 58 F.3d 1425, 1429 (9th Cir. 1995).[8]

Petition DENIED.

---

[7]<u>See, e.g.</u>, <u>Korablina v. INS</u>, 158 F.3d 1038, 1043–44 (9th Cir. 1998)
(violence against family members); <u>Arriaga-Barrientos v. INS</u>, 937 F.2d 411, 414
(9th Cir. 1991) (same).

[8]In passing, Irawan suggests that he should have been granted CAT relief,
but he did not list that as an issue and did not present argument in his briefs to
support that form of relief.  <u>See</u> Fed. R. App. P. 28(a)(5), (a)(9)(A).  We will not
consider that waived claim.  <u>See</u> <u>W. Radio Servs. Co. v. Qwest Corp.</u>, 678 F.3d
970, 979 (9th Cir.), <u>cert. denied</u>, __ U.S. __, 133 S. Ct. 758, 184 L. Ed. 2d 499
(2012); <u>Smith v. Marsh</u>, 194 F.3d 1045, 1052 (9th Cir. 1999).