
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANJINDER SINGH, | No. 09-71791 |
| Petitioner, | Agency No. A096-151-085 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2013[**]
San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Petitioner Manjinder Singh, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' order denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252(a)(1). We deny the petition for review.

"Because the BIA expressly adopted the IJ's decision under *Matter of Burbano* [20 I. & N. Dec. 872 (B.I.A. 1994)], but also provided its own review of the evidence and the law, we review both the IJ and the BIA's decision." *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010).

The IJ denied Singh's application because she determined that it was frivolous under 8 U.S.C. § 1158(d)(6). In making this finding, the IJ followed the four-part test established in *Matter of Y-L-*, 24 I. & N. Dec. 151 (BIA 2007): "First, an asylum applicant must have notice of the consequences of filing a frivolous application. Second, the IJ or Board must make specific findings that the applicant knowingly filed a frivolous application. Third, those findings must be supported by a preponderance of the evidence. Finally, the applicant must be given sufficient opportunity to account for any discrepancies or implausibilities in his application." *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008) (internal citations omitted). "Whether the IJ complied with the BIA's four procedural requirements for a frivolousness finding is a question of law we review de novo." *Liu v. Holder*, 640 F.3d 918, 925 (9th Cir. 2011). We review factual findings by both the BIA and the IJ for substantial evidence. *Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011).

Our review confirms that the IJ's decision on each of these four elements was supported by substantial evidence. First, Singh had notice of the consequences of filing a frivolous application because the application form he filled out specifically warned him of them. *Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012) (warning on the asylum application provides sufficient notice).

Second, the IJ specifically found that Singh knowingly filed a frivolous application and, third, that finding was supported by a preponderance of the evidence. Singh's whole application was premised on the idea that in 1999 his father was "disappeared" by Indian authorities due to his political activities on behalf of Sikhs. Singh testified that he hadn't seen his father since then. When confronted with evidence to the contrary on cross-examination, however, he admitted that he was living with his father in Southern California. He subsequently admitted to lying about suffering persecution in India and about being afraid to return. The IJ thus made a sufficiently specific finding of frivolousness that was supported by substantial evidence.

Fourth, Singh had a sufficient opportunity to account for his fraud and failed to do so. *See Ahir*, 527 F.3d at 919 (fourth element satisfied where petitioner was unable to explain discrepancies and where the IJ asked her directly, "Did you

present to me a false claim for asylum, a made-up claim?"). Singh's only explanation was: "It's difficult living in India. It's difficult to find a job there, too. We have come here and you need some papers to work here."

Moreover, the fact that Singh withdrew his application after being caught lying has no bearing on the IJ's frivolousness finding. *See Kulakchyan v. Holder*, 730 F.3d 993, 996 (9th Cir. 2013) ("§ 1158(d)(6) permits a frivolousness finding based on a withdrawn application."); *Matter of X–M–C–*, 25 I. & N. Dec. 322, 324–26 (B.I.A. 2010) (IJ "not prevented from finding that an application is frivolous simply because the applicant withdrew the application or recanted false statements" because "the only action required to trigger a frivolousness inquiry is the filing of an asylum application").

Finally, the IJ did not err in refusing to grant Singh a continuance based on his absence from a hearing due to his supposed illness. "The decision to grant or deny [a] continuance is within the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (internal quotation marks omitted). Pursuant to 8 U.S.C. § 1158(d)(6), the IJ's frivolousness finding meant that Singh was permanently ineligible for immigration benefits. The only exceptions to this rule are withholding of removal and relief under the Convention Against Torture, but the IJ

found that those paths were blocked for Singh because he admitted that he did not fear returning to India. Thus, since Singh had no meaningful relief available to him, the IJ found that a continuance would be pointless, even if his dubious claim of illness was valid. This was not an abuse of discretion.

We **DENY** the petition for review.