[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11250
Non-Argument Calendar

_____

Agency No. A098 739 812

ANGELINE CAROLE NONO MBUKAM,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 13, 2017)

Before HULL, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Angeline Carole Nono Mbukam ("Nono"), a native and citizen of Cameroon, seeks review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider or reopen after it affirmed the Immigration Judge's ("IJ") final order of removal. Upon review, we conclude that the BIA did not abuse its discretion in denying Nono's motion to reconsider or reopen. Accordingly, we deny the petition.

## I. PROCEDURAL HISTORY

### A. Entry to United States and Asylum Application

In August 2004, Nono entered the United States on a student visa that authorized her to remain in the United States through April 2005. When her student visa expired, Nono remained in the United States and filed an I-589 application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Nono alleged that her family did not approve of her then-husband, also a Cameroonian national, and that shortly before coming to the United States in 2004, women from her village had kidnapped and assaulted her because she refused to undergo female circumcision.

The asylum officer who reviewed Nono's application determined that she was not credible, in part because she had submitted a falsified news article in support of her application. The asylum officer further determined that Nono was ineligible for asylum and referred her to an IJ. Subsequently, the Department of

2

Homeland Security ("DHS") issued Nono a notice to appear ("NTA"), charging her as removable for remaining in the United States longer than her student visa permitted. Nono admitted the allegations in the NTA and conceded removability, but proceeded with her asylum application.

## B.    First IJ Decision in 2007 & BIA Appeal in 2008

In March 2007, following a merits hearing, the IJ issued an oral decision denying Nono's asylum application and ordering her removed to Cameroon. Based in part on her submission of the fraudulent news article, the IJ concluded that Nono's testimony was not credible and that her asylum application was frivolous.

Through new counsel, Nono appealed to the BIA, arguing that the IJ improperly concluded that her testimony was not credible and that her asylum application was frivolous. In September 2008, the BIA adopted and affirmed the IJ's decision and dismissed her appeal. The BIA agreed with the IJ that there were "a great many problems" with Nono's case, including her submission of the fraudulent news article.

## C.    First Motion to Reopen & BIA Order

Nono did not seek judicial review of the BIA's September 2008 decision.

Instead, on November 26, 2008, Nono filed a motion to reopen with the BIA. Nono asserted that her previous counsel provided ineffective assistance in

3

her proceedings before the IJ. She contended that counsel failed to request an appropriate translator and did not adequately review the documentary evidence or prepare Nono for the merits hearing. Nono further stated that she "did not know the documents that were submitted were going to damage her credibility" because prior counsel "never told her anything about them."

In January 2009, the BIA granted Nono's motion in part. The BIA rejected Nono's ineffective-assistance claims, but determined that the IJ had erroneously applied the REAL ID Act of 2005 in assessing Nono's credibility because Nono's application was filed prior to the effective date of that statute. The BIA concluded that a remand to the IJ was necessary to allow the IJ to assess Nono's credibility under pre-REAL ID Act standards, as well as to: (1) clarify whether Nono received proper warnings regarding the consequences of filing a frivolous asylum application; (2) address possible translation issues; and (3) clarify portions of the hearing transcript that were marked as "indiscernible." Accordingly, the BIA vacated its September 2008 decision and remanded the record to the IJ for further proceedings consistent with its opinion.

## D.    Proceedings on Remand 2010–2015

On remand, at a February 2010 hearing, Nono informed the IJ that she was in the process of divorcing her Cameroonian husband and had plans to remarry a U.S. citizen, who would be filing an I-130 visa petition for alien relative on her

4

behalf.  At a subsequent hearing in October 2010, Nono's counsel indicated to the IJ that her I-130 petition had been filed and remained pending.  Between October 2010 and March 2012, the IJ granted several continuances to allow the processing of Nono's I-130 petition to be completed.

In January 2012, U.S. Citizenship and Immigration Services ("USCIS") approved her new husband's I-130 visa petition for alien relative on her behalf. Nono then filed an I-485 application to adjust her status based on the approved I-130 petition.  She subsequently filed an I-601 application for waiver of grounds of inadmissibility in connection with her application for adjustment of status.  In her I-601 application, Nono indicated that she was inadmissible because she had "sought to procure an immigration benefit by fraud or by concealing or misrepresenting a material fact."  At some point, Nono also purportedly withdrew her asylum application.

### E.    Second IJ Decision in 2015

In June 2015, after holding multiple hearings to address the issues on remand from the BIA, the IJ issued a written decision again determining that Nono's asylum application was frivolous and ordering her removed to Cameroon. At the outset, the IJ noted that recent Eleventh Circuit caselaw established that the written frivolous filing warning on the I-589 application provides sufficient notice to asylum applicants of the consequences of filing a frivolous application.  The IJ

5

further noted that, at a December 2014 hearing, the parties had stipulated to multiple changes and amendments to the March 2007 hearing transcript, thereby addressing the "indiscernibles" and translation issues noted by the BIA.

The IJ then reconsidered Nono's asylum application and March 2007 hearing testimony under the pre-REAL ID Act standards and again concluded that her asylum application was frivolous. The IJ determined, in light of this Court's recent caselaw, that Nono received sufficient notice of the consequences of filing a frivolous asylum application. The IJ further found that Nono deliberately fabricated material elements of her asylum claim, most egregiously by submitting the fraudulent newspaper article. The IJ determined that Nono had been given numerous opportunities to explain the inconsistencies in her asylum application, but failed to provide sufficient explanations for those inconsistencies.

Having again concluded that Nono had filed a frivolous asylum application, the IJ determined that she was barred from receiving any future benefits under the INA.[1]

## F.     Second BIA Appeal in 2015–2016

Nono again appealed to the BIA, asserting that the IJ erred in refusing to hear her applications for adjustment of status and waiver of inadmissibility and in

[1]Though the IJ did not specifically address Nono's applications for adjustment of status or waiver of inadmissibility, the IJ implicitly denied those applications in stating that Nono was barred from receiving future benefits under the INA, as the only form of relief an alien subject to the frivolous application bar may seek is withholding of removal. See INA § 208(d)(6), 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 1208.20.

finding that she had filed a frivolous asylum application.  In her brief to the BIA, Nono argued that the IJ erred in pretermitting her application for adjustment of status because, following the BIA's remand, there was no longer a final order finding that she had filed a frivolous asylum application.  Nono further contended that because she withdrew her asylum application following the remand, only her application for adjustment of status was pending before the IJ.  Finally, Nono argued that the IJ again erred in finding that her asylum application was frivolous.

In September 2016, the BIA affirmed the IJ's decision and dismissed Nono's appeal.  The BIA determined that sufficient evidence supported the IJ's frivolousness finding.  The BIA further stated that the IJ properly declined to adjudicate Nono's application for adjustment of status after making the frivolousness determination.  In so stating, the BIA characterized Nono's argument as being that the IJ's June 2015 order was not "final" for purposes of the frivolous application bar insofar as she had appealed that order.

## G.    Motion for Reconsideration or to Reopen

Nono again did not seek judicial review of the BIA's decision.  Instead, on October 14, 2016, Nono filed a motion to reconsider or reopen before the BIA. This is the only matter now before this Court.

In her motion for reconsideration or reopening, Nono argued that the BIA misconstrued her argument regarding the finality of the IJ's frivolousness

determination.  She asserted that her position was not that the IJ's June 2015 order

was not final, but rather that once the BIA remanded her case to the IJ for further

proceedings after her first motion to reopen, the IJ's March 2007 order was no

longer final.  Consequently, Nono contended, the IJ's March 2007 frivolousness

determination did not bar her from seeking adjustment of status on remand, and the

IJ erred in pretermitting her application.

In support of her argument, Nono cited a recent unpublished BIA decision,

which she claimed arose in a substantially similar context.  In the unpublished

case, an IJ had denied the petitioner's asylum application as frivolous, and the BIA

initially affirmed that decision.  Subsequently, the petitioner moved for reopening,

and the BIA granted the motion, vacated its prior decision, and remanded the case

to the IJ.  On remand, USCIS denied an I-130 spousal visa petition filed on the

petitioner's behalf on the ground that the petitioner was barred from such relief

under the frivolous application bar.  The petitioner appealed, and the BIA sustained

the appeal and remanded to the IJ, stating that the frivolousness bar "[did] not

apply because following the vacatur of [its prior] decision and remand of the

proceedings to the [IJ], there is no 'final order' specifically finding that the

[petitioner] knowingly filed a frivolous application."

Nono maintained that the same was true in her case following the BIA's

January 2009 order remanding her case to the IJ, and the IJ therefore should have

entertained her application for adjustment of status based on the approved I-130 petition. Nono also reiterated that the IJ erred in concluding that her asylum application was frivolous.

## H.    BIA's Order on the Motion for Reconsideration

In February 2017, the BIA denied Nono's motion for reconsideration or reopening. First, the BIA stated that to the extent Nono's motion rested on arguments she previously had raised, the motion did not reveal any factual or legal aspect of Nono's case that was improperly overlooked or present a new argument that persuaded the BIA to alter its prior decision. The BIA rejected Nono's reliance on the unpublished decision, stating that the two cases were "entirely unrelated" and "[did] not share similar circumstances, particularly on the issue of whether a final order has been entered and the contents of the record before the [IJ]."

To the extent that Nono sought reopening, the BIA determined that she proffered no evidence satisfying the requirements for statutory reopening. The BIA additionally concluded that Nono had not identified any exceptional circumstances that would warrant reconsideration or reopening under the BIA's sua sponte authority. Accordingly, the BIA denied Nono's motion. It is this denial that is the subject of Nono's present petition for review.

9

## II.  DISCUSSION

### A.    Standard of Review

We review the BIA's denial of both motions to reconsider and motions to reopen for an abuse of discretion.  Ferreira v. U.S. Att'y Gen., 714 F.3d 1240, 1242-43 (11th Cir. 2013) (reconsideration); Zhang v. U.S. Att'y Gen, 572 F.3d 1316, 1319 (11th Cir. 2009) (reopening).  "This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Zhang, 572 F.3d at 1319.  The BIA abuses its discretion when it misapplies the law in making its decision or fails to follow its own precedents without providing a reasoned explanation.  Ferreira, 714 F.3d at 1243.  Unpublished decisions of the BIA carry no precedential value.  De la Rosa v. U.S. Att'y Gen., 579 F.3d 1327, 1336 (2009).

### B.    Motions to Reconsider or Reopen

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority."  INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C).  A motion that merely reiterates arguments previously presented to and rejected by the BIA is insufficient to warrant a grant of reconsideration, as such a motion "gives the tribunal no reason to change its mind."  Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (internal quotation marks omitted).

10

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B). The BIA may not grant a motion to reopen unless the new evidence to be offered is material, was previously unavailable, and could not have been discovered or presented in the prior proceedings. See Verano-Velasco v. U.S. Att'y Gen., 456 F.3d 1372, 1376 (11th Cir. 2006) (citing 8 C.F.R. § 1003.2(c)(1)).

An alien who knowingly files a frivolous asylum application is permanently ineligible for all benefits under the INA, except withholding of removal. See INA § 208(d)(6), 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 1208.20. "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. The § 208(d)(6) bar applies only if an IJ or the BIA specifically finds, in a final order after providing the alien sufficient opportunity to account for any discrepancies or implausible aspects of the claim, that the alien knowingly filed a frivolous application. See INA § 208(d)(6), 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 1208.20.

Even if an alien has withdrawn her asylum application, an IJ may make a frivolousness finding as to the withdrawn application and deny her adjustment of status application on that basis. Matter of X-M-C-, 25 I. & N. Dec. 322, 326-27 (BIA 2010). In Matter of X-M-C-, an alien who initially had applied for asylum

11

subsequently withdrew her application and instead sought an adjustment of status based on an I-130 spousal visa petition.  Id. at 323.  The alien admitted that her asylum application had contained false information and that she had submitted fraudulent documents in support of the application.  Id.  The IJ determined that the alien had filed a frivolous asylum application and denied her application for adjustment of status on that basis.  Id.

On appeal, the BIA affirmed the IJ's decision, concluding that "the only action required to trigger a frivolousness inquiry is the filing of an asylum application," and there is no requirement that the alien subsequently follow through with the application.  See id. at 324.  The BIA further explained that "[a]llowing the preemptive withdrawal of an application to prevent a finding of frivolousness would undermine both the plain language of, and the policy behind" the § 208(d)(6) bar.  Id. at 325-26.  Accordingly, the BIA concluded that the IJ did not err in pretermitting the alien's application for adjustment of status after determining that her withdrawn asylum application was frivolous.  Id. at 327.

### III.  Analysis of Nono's Petition

Here, as an initial matter, although Nono purports to seek review of the BIA's February 2017 denial of both reconsideration and reopening, her brief focuses solely on the BIA's denial of reconsideration and does not separately address the denial of reopening.  Accordingly, she has abandoned her challenge to

12

the BIA's denial of reopening. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (explaining that when an appellant fails to offer argument on an issue that issue is abandoned, and mere passing references to an issue are insufficient to raise a claim on appeal). In any event, the BIA did not abuse its discretion in denying Nono's motion to the extent that it sought reopening because Nono did not present any new, material evidence that was previously unavailable. Verano-Velasco, 456 F.3d at 1376.

The BIA likewise did not abuse its discretion in denying Nono's motion for reconsideration. First, Nono's motion largely reiterated arguments that the BIA already had considered and rejected in its September 2016 order dismissing her second appeal and that were therefore insufficient to warrant reopening. Calle, 504 F.3d at 1329. Second, Nono's assertion that the BIA misconstrued her argument regarding the non-finality of the IJ's frivolousness determination after the 2009 remand did not warrant reconsideration of the BIA's dismissal of her second appeal. Even if the BIA had understood her argument correctly, Nono would not have been entitled to relief. The IJ was authorized on remand to again determine whether Nono's asylum application was frivolous, notwithstanding her withdrawal of that application, and to pretermit her application for adjustment of status in light of its frivolousness determination. Matter of X-M-C-, 25 I. & N. Dec. at 324-27.

13

Finally, the unpublished decision Nono cited in her motion for reconsideration does not establish a legal error in the BIA's order dismissing her second appeal. See INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). Because the decision is unpublished, it lacks precedential value and the BIA was under no obligation to follow its reasoning. See De la Rosa, 579 F.3d at 1336.

Furthermore, the unpublished decision is factually and materially distinguishable from Nono's case. In the unpublished decision, after the BIA granted the alien's motion to reopen and remanded for the IJ to reconsider its frivolousness determination, USCIS denied an I-130 visa petition filed on the alien's behalf on the ground that the IJ might again find her asylum application frivolous on remand. At that point, however, the IJ had made no such determination. Absent such a finding, the BIA concluded that § 208(d)(6) did not bar her I-130 visa petition.

Here, by contrast, the IJ did make a new frivolousness finding and, consistent with the BIA's precedential decision in Matter of X-M-C-, pretermitted Nono's application for adjustment of status based on her approved I-130 petition in light of that determination. Matter of X-M-C-, 25 I. & N. Dec. at 324-27. Thus, even if the unpublished decision were precedential, the BIA did not abuse its discretion in declining to follow it because it does not demonstrate that Nono is entitled to relief. See Ferreira, 714 F.3d at 1242-43.

14

## IV.  CONCLUSION

Based on the foregoing discussion, we deny Nono's petition for review.[2]

**PETITION DENIED.**

---

[2]To the extent that Nono seeks to challenge the BIA's determination that she had not presented any exceptional circumstance that would warrant reconsideration or reopening under the BIA's sua sponte authority, we lack jurisdiction to consider that determination.  See Butka v. U.S. Att'y Gen., 827 F.3d 1278, 1286 (2016).