**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IGOR VLADIMIROVICH LEKOMTSEV, | No.    21-864 |
| Petitioner, | Agency No. A216-160-251 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 11, 2023
Seattle, Washington

Before: TALLMAN, CLIFTON, and IKUTA, Circuit Judges.

Igor Vladimirovich Lekomtsev, a native and citizen of Russia, petitions for

review of an order of the Board of Immigration Appeals (BIA) affirming the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

decision of an Immigration Judge (IJ) denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

The agency's adverse credibility determination is supported by substantial evidence. The agency based its determination in part on inconsistencies between Lekomtsev's 2017 application for asylum (the 2017 Application) and his 2020 application for asylum, withholding of removal, and CAT relief (the 2020 Application). The 2017 Application claimed past persecution and fear of future persecution on account of his sexual orientation, and reported only one past experience of harm: a 2016 arrest for "propaganda of homosexuality." After the government learned that Lekomtsev was wanted in Russia for allegedly committing an online sex crime against a minor under the age of 14 (for which he was arrested in 2015), Lekomtsev filed the 2020 Application, in which he disclosed the 2015 arrest and prosecution for the first time, as an additional past experience of harm. In explaining the inconsistency between the two applications to the IJ, Lekomtsev stated, among other reasons, that he deliberately omitted his 2015 arrest and prosecution because he feared he would be "deported right away" if he disclosed that there was an active criminal case against him in Russia for an alleged online sex crime against a minor. Lekomtsev's admission that he

deliberately omitted highly relevant information that goes "to the heart" of his claim for persecution based on sexual orientation is substantial evidence supporting the agency's adverse credibility determination. *Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010).

The agency's adverse credibility determination is also supported by the discrepancies between Lekomtsev's written declaration accompanying his 2020 Application and his testimony in immigration proceedings. In his declaration, Lekomtsev stated that "it was likely that the [prosecution for sexual abuse of a minor] would be thrown out" because the Russian government had yet to produce the requisite second witness against him. By contrast, in his testimony before the IJ, Lekomtsev admitted the Russian government *had* procured the second witness and that he was likely to be convicted. Such "[i]nconsistencies . . . may support an adverse credibility determination." *Dong v. Garland*, 50 F.4th 1291, 1297 (9th Cir. 2022); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

We also uphold the agency's denial of Lekomtsev's applications for asylum, 8 U.S.C. § 1158(b)(2)(A)(iii), withholding of removal, *id.* § 1231(b)(3)(B)(iii), and withholding of removal under the CAT, 8 C.F.R. § 1208.16(c)(4), (d)(2), based on the serious nonpolitical crime bar to eligibility, 8 U.S.C. § 1158(b)(2)(A)(iii). The agency's conclusion that "there are serious reasons for believing" (akin to probable

cause), that Lekomtsev "committed a serious nonpolitical crime before arriving in the United States," *Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011), is supported by the Interpol Red Notice for Lekomtsev's arrest, which contained biometric evidence such as Lekomtsev's fingerprints and which set forth the details of the online sex crime against a minor younger than 14. The agency's conclusion is further supported by a Russian criminal resolution (akin to an arrest warrant) and Lekomtsev's admission that he fled Russia before a hearing after learning that the Russian government had secured two witnesses to testify against him. *See Villalobos Sura v. Garland*, 8 F.4th 1161, 1167–68 (9th Cir. 2021). Taken together, this evidence is sufficient to support the agency's determination that there was a "fair probability" that Lekomtsev had committed a serious nonpolitical crime, *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 977 (9th Cir. 2022), rendering him ineligible as a matter of law for relief other than deferral under the CAT, 8 C.F.R. § 1208.16(c)(4), (d)(2); *see also Villalobos Sura*, 8 F.4th at 1167.[1]

The agency did not err in determining that Lekomtsev filed a frivolous asylum application, 8 U.S.C. § 1158(d)(6), because he deliberately fabricated a "material element" of his claim for asylum, *Yan Liu v. Holder*, 640 F.3d 918, 927

---

[1] Lekomtsev could have rebutted the agency's determination by showing by a preponderance of evidence that the bar does not apply, *see Villalobos Sura*, 8 F.4th 1168, but was unable to do so because his testimony was not credible.

(9th Cir. 2011) (citation omitted), which we have defined as "a constituent part of a claim that must be proved for the claim to succeed," *Udo v. Garland*, 32 F.4th 1198, 1206 (9th Cir. 2022) (cleaned up).  Because "a well founded fear of persecution" is a constituent part of an asylum claim, Lekomtsev's deliberate omission of his 2015 arrest for an online sex crime with a minor from the 2017 Application—which was integrally related to his claim of past and future persecution for his sexual orientation—constitutes the deliberate fabrication of a material element of his claim.  *Navas v. INS*, 217 F.3d 646, 655 (9th Cir. 2000).

We reject Lekomtsev's argument that the 2020 Application merely supplemented and corrected the 2017 Application because the 2020 Application was an entirely new application: it introduced Lekomtsev's 2015 arrest for the first time and was therefore "predicated on a new . . . factual basis." *Matter of M-A-F-*, 26 I. & N. Dec. 651, 655 (BIA 2015).  Nor is it relevant that the 2017 Application "remained unadjudicated" until Lekomtsev filed the 2020 Application, because "the only action required to trigger a frivolousness inquiry is the filing of an asylum application," and "[t]here is no requirement . . . that the alien subsequently follow through with the application until a final decision is made on the merits." *Matter of X-M-C-*, 25 I. & N. Dec. 322, 324 (BIA 2010).  Because Lekomtsev knowingly filed a frivolous application, he is "permanently ineligible for any

benefits under [the Immigration and Nationality Act]," including asylum and withholding of removal. 8 U.S.C. § 1158(d)(6).

Finally, the agency did not err in denying Lekomtsev's request for deferral of removal under the CAT. Because we uphold the agency's adverse credibility determination, Lekomtsev must show that other evidence in the record "alone compelled the conclusion that [he] is more likely than not to be tortured." *Shrestha*, 590 F.3d at 1048–49 (citation omitted). The record, which included country conditions reports on Russia as well as a letter from a Russian human rights attorney, did not contain such compelling evidence because it showed extrajudicial killings and torture by local government officials only in Chechnya, and showed abuses against human rights activists and critics of government policies, but not on the basis of sexual orientation alone. Because Lekomtsev did not live in Chechnya and is not a human rights activist or government critic, the agency's determination that Lekomtsev did not show an individualized risk of torture is supported by substantial evidence. *See, e.g., Mukulumbutu v. Barr*, 977 F.3d 924, 927–28 (9th Cir. 2020).[2]

**PETITION DENIED.**

---

[2] Lekomtsev's motion for a stay of removal is denied.