NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOHMMAED ALKADHI,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-41

Agency No.
A088-551-091

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 4, 2024
San Francisco, California

Before: M. SMITH, HURWITZ, and JOHNSTONE, Circuit Judges.

Mohammed Mohammed Alkadhi, a native and citizen of Yemen, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") remanding his

applications for adjustment of status and a waiver of inadmissibility to an

immigration judge ("IJ") to determine whether Alkadhi had filed a frivolous asylum

application. Alkadhi's asylum application asserted fear of persecution because of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

his membership in a particular social group of Yemeni insurgents. After Alkadhi's U.S. citizen wife petitioned for adjustment of his status, he withdrew the asylum application. Although Alkadhi later admitted to an IJ that his application was false in several material respects, the IJ nevertheless granted adjustment of status and a waiver of inadmissibility, declining a request by the Department of Homeland Security ("DHS") to address whether the application was frivolous under 8 U.S.C. § 1158(d)(6), because of Alkadhi's "significant equities." DHS appealed and the BIA remanded to the IJ to "make the necessary findings of fact and conclusions of law and determine whether the mandatory bar to relief applies in this case." *Matter of M-M-A-*, 28 I. & N. Dec. 494, 501 (BIA 2022). On remand, another IJ found that Alkadhi filed a frivolous asylum application and, applying § 1158(d)(6), found him ineligible for adjustment of status and an inadmissibility waiver.

The BIA opinion stated that "[w]here, as here, the DHS argues that the mandatory bar for filing a frivolous asylum application applies, the Immigration Judge errs in not addressing the issue and making sufficient factual findings on whether the requirements for a frivolousness determination have been met." *Id.* at 497. But it is not clear whether the opinion is grounded solely in an interpretation of 8 U.S.C. § 1158(d)(6) or is also an exercise of the BIA's discretion to establish procedures in immigration proceedings.

The BIA's opinion also purported to "not find it necessary in this case to

consider whether an Immigration Judge has discretion not to enter a frivolousness finding when the requirements under *Matter of Y-L-* [24 I. & N. Dec. 151, 155-56 (BIA 2007)] have been satisfied." *Id.* at 499. This statement appears to conflict with the BIA's remand instructions, which directed the IJ "to apply the framework in *Matter of Y-L-*" and "determine whether the mandatory bar to relief applies in this case."[1] *Id.* at 501. The statement also appears to conflict with *Matter of X-M-C-*, 25 I. & N. Dec. 322 (BIA 2010), in which the BIA stated that "[o]nce the framework and safeguards delineated in *Matter of Y-L-* are followed, that is the end of the inquiry, and the consequences of filing a frivolous application apply." *Id.* at 325.

Because the scope and basis of the BIA's holding affect this Court's review of the case, we grant the petition and remand to the BIA for the limited purpose of clarifying: (1) the statutory, regulatory, or policy-based rationales for its opinion, and (2) whether, under the opinion, an IJ has the discretion not to apply the § 1158(d)(6) bar after finding that the *Matter of Y-L-* factors have been satisfied.

**PETITION GRANTED.**

---

[1]    Following these instructions on remand, the second IJ concluded that because the requirements outlined in *Matter of Y-L-* were met, Alkadhi was "ineligible for relief," which suggests that the IJ had no discretion to decline a frivolousness finding.